Dick R. Murphy Director of Treasury Operations Department of the Treasury 140 State Capitol Denver, Colorado 80203
Dear Mr. Murphy:
I am writing in response to your letter of March 31, 1980 in which you request a legal opinion concerning the pooling of moneys in state funds for purposes of investment. You ask whether the treasurer may pool for investment moneys in certain special funds with those in the general fund and apportion earnings monthly. The alternative is investing each special fund separately.
QUESTION PRESENTED AND CONCLUSION
You ask whether the treasurer may pool for investment purposes, moneys in the state general fund with moneys in certain special funds which are entitled to be credited with any income earned by investment. The special funds involved are: State Compensation Insurance Fund, Subsequent Injury Fund, Major Medical Insurance Fund, State Employees and Officials Health Insurance Reserve Fund and the Public School Fund (the "special funds"). You also ask whether the treasurer may apportion earnings monthly based on the average daily investable balance in each special fund or whether he must invest each fund separately and credit earnings accordingly.
 It is my opinion that the treasurer may pool moneys in the special funds with moneys in the general fund, for investment purposes, and apportion earnings monthly in the manner you have described, so long as the particular investment involved is authorized for the special fund and the general fund.
ANALYSIS
You state that this office has previously advised you that moneys in each of the special funds may be invested and the earnings credited to the specific fund involved rather than to the state general fund. I have divided the special funds into three different categories for purposes of analyzing the treasurer's investment authority.
1. Compensation Funds — The State Compensation Insurance Fund, the Subsequent Insurance Fund and the Major Medical Insurance Fund (collectively referred to as the "compensation funds") were the subject of a letter to you dated June 22, 1979 from Richard H. Forman, assistant attorney general. A copy of that letter is enclosed. In that letter Mr. Forman concluded that after July 1, 1979, the treasurer may invest Compensation Fund moneys not needed for immediate use, in the same investments which the treasurer may make with other state moneys, as authorized by C.R.S. 1973, 24-36-109, 112 and 113. The state treasurer is directed by statute to invest and pay the interest earned to the Subsequent Injury Fund (C.R.S. 1973, 8-51-111), the Major Medical Insurance Fund (C.R.S. 1973, 8-66-110) and the State Compensation Insurance Fund (C.R.S. 1973, 8-54-122).
Since the treasurer is authorized to invest and pay interest to the Compensation Funds, and to invest those moneys in the same manner as other state funds, the treasurer may properly pool moneys in those funds with the general fund and apportion any interest earned.
2. State Employees and Officials Health InsuranceReserve — The treasurer is authorized by C.R.S. 1973, 10-8-215 to invest moneys in the Group Insurance Reserve Fund, but such investments "shall be limited to those securities authorized for investment by the Public Employees Retirement Board pursuant to section 24-51-107, C.R.S. 1973." C.R.S. 1973, 10-8-215(3). The treasurer may properly pool moneys in the Group Insurance Reserve Fund with the general fund for investment, so long as the particular investment is one authorized for the Public Employees Retirement Board in C.R.S. 1973, 24-51-107 and is also authorized for investment of general fund moneys by C.R.S. 1973, 24-36-109, 112 and 113, which may be more restrictive than the permissible investments for the Group Insurance Reserve Funds. Earnings may properly be apportioned on a monthly basis.
3. Public School Fund — The treasurer is directed by C.R.S. 1973, 22-41-102, 104 and 106 to invest moneys in the Public School Fund and pay interest earned thereon to the Public School Fund. The investments in which the treasurer may lawfully invest the Public School Fund are set out in C.R.S. 1973, 22-41-104. Special statutory restrictions on investment of the Public School Fund prohibit an exchange or sale of investments which will result in a loss of principal which cannot be offset by a corresponding gain within 30 days and the same fiscal year. Nor can the treasurer consummate an exchange or sale resulting in a net loss of principal unless there has previously been an appropriation to the Public School Fund offsetting that anticipated loss. C.R.S. 1973, 22-41-104(2) (Supp. 1979).
The Public School Fund statutory authority also requires that principal be retained, that only interest is to be expended and establishes special rules for recovery of principal. See C.R.S. 1973, 22-41-102(1) and 105 (Supp. 1979). If the treasurer can pool Public School Fund moneys while satisfying these restrictions, then such pooling for investment purposes is lawful.
SUMMARY
The treasurer may lawfully pool moneys in the special funds with general fund moneys and apportion interest earned to the appropriate fund, so long as the particular investment is authorized by law for both the special fund and for the general fund.
Very truly yours
 J.D. MacFARLANE Attorney General
PUBLIC FUNDS SECURITIES TREASURER, STATE INTEREST INSURANCE RESTITUTION SCHOOL DISTRICTS
C.R.S. 1973, 24-36-109
C.R.S. 1973, 24-36-112
C.R.S. 1973, 24-36-113
C.R.S. 1973, 8-51-111 C.R.S. 1973, 8-66-110 C.R.S. 1973, 8-54-122 C.R.S. 1973, 10-8-215 C.R.S. 1973, 24-51-107 C.R.S. 1973, 10-8-215(3) C.R.S. 1973, 22-41-102
C.R.S. 1973, 22-41-104
C.R.S. 1973, 22-41-106
TREASURY, DEPT. OF All Other Areas
The state treasurer is authorized to pool with the state general fund for investment purposes, moneys in the State Compensation Insurance Fund, Subsequent Injury Fund, Major Medical Insurance Fund, State Employees and Officials Health Insurance Reserve Fund and the Public School Fund. The treasurer may apportion earnings to each special fund monthly on a formula basis.